**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERDINANDUS NAHAK,<br><br>                    Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; JEREMY CASEY, Facility Administrator, Imperial Regional Detention Facility,<br><br>                    Respondents. | No. 26-cv-00146-BTM-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Ferdinandus Nahak's petition for a writ of habeas corpus.  For the reasons stated below, the petition is granted in part.

## A.    Background

Petitioner, a native and citizen of Indonesia, arrived in the United States in December 2000.  Petitioner was granted a temporary visa, which expired.  Petitioner remained in the United States following the expiration of his visa.  An order of removal was entered against Petitioner.  On July 9, 2015, an immigration judge (IJ) granted Petitioner withholding of removal, thus precluding his removal to Indonesia.

Petitioner has strong ties to the United States.  He has lived here for about 25 years and has two U.S. citizen children.  Petitioner lives in California and works as a cardiac technician.  Petitioner was detained by Immigration and Customs Enforcement (ICE) officers on June 15, 2025.  Petitioner argues that his removal to a third country is not reasonably foreseeable.  He thus claims that he is entitled to immediate release or, in the alternative, a bond hearing for an IJ to determine whether he is a flight risk or a danger to the community.

The Government claims that the Court lacks jurisdiction and that Petitioner's claim fails on the merits.  The Government submitted the declaration of La'Shaniece Wilson, a Deportation Officer with the Department of Homeland Security.  Wilson states that ICE is in the process of finding a third country to accept Petitioner.

## B.    Discussion

In *Zadvydas*, the Court determined that federal courts have the power to review whether a noncitizen's detention is unlawful under 8 U.S.C. § 1231(a)(6).  *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).  This Court thus has jurisdiction to determine the lawfulness of Petitioner's detention.  *Id.*; *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."); *accord Bunthoeun Kong v. United*

2

*States*, 62 F.4th 608, 617 (1st Cir. 2023) (interpreting 1252(g) to allow jurisdiction over detention challenges).

Petitioner's detention is limited "to a period reasonably necessary to bring about [his] removal from the United States." *See Zadvydas*, 533 U.S. at 689; *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1139 (9th Cir. 2013) (recognizing that 6 months of immigration detention is prolonged no matter the authorizing statute of detention). Petitioner may not be detained indefinitely. *See Zadvydas*, 533 U.S. at 690 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."). The Court thus must decide whether there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

The Court finds the Government's contention that Petitioner's removal is significantly likely in the reasonably foreseeable future conclusory. The Government has not offered any real support for its conclusion, nor has it found a third country to accept Petitioner. There is little basis for the Court to accept the Government's position beyond that it is working on obtaining a third country to accept Petitioner. If the Court accepted the Government's conclusory position here, *Zadvydas* would have little force. The Court in *Zadvydas* required federal habeas courts to assess the accuracy of the Government's position that it is reasonably likely to remove a noncitizen. *Id.*

Because Petitioner's removal is not significantly likely in the reasonably foreseeable future, Petitioner is entitled to a bond hearing at which an IJ shall determine whether he is a flight risk or a danger to the community. The Court will order a bond hearing, instead of outright release, because *Zadvydas* does not preclude conditions of release from being imposed where a petitioner is found to be a flight risk or a danger to the community.

Last, the Court rules that Petitioner may not be removed to a third country without adequate notice and a meaningful opportunity to be heard. *See, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (quotation

marks and citation omitted)); *Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *Azzo v. Noem*, No. 25-cv-03122-RBM-BJW, 2025 U.S. Dist. LEXIS 256030, *22 (S.D. Cal. Dec. 10, 2025) (ruling that the respondents "must provide Petitioner with adequate notice and an opportunity to be heard before removing him to a third country").

The Court adopts the following requirements. Petitioner and his counsel must receive written notice of the country of removal at least ten days before Petitioner is removed to a third country. Petitioner must be given a minimum of ten days before being removed to raise a claim against removal to the third country. If he succeeds on his claim, Petitioner's immigration proceedings must be reopened. If he does not succeed on his claim, Petitioner must receive a minimum of fourteen days before removal to seek reopening of his immigration proceedings.

//
//
//
//
//
//
//
//
//
//
//
//
//

## C.    Conclusion and Order

For the reasons stated, the petition for a writ of habeas corpus is granted in part. No later than February 13, 2026, Respondents shall either (1) grant Petitioner a bond hearing at which an IJ shall determine whether he is a flight risk or a danger to the community or (2) grant his release from custody.  If the IJ determines that Petitioner is neither a flight risk nor a danger to the community, Respondents shall grant his release from custody.  The parties shall submit a status report by February 17, 2026, at 4:00 p.m.

Respondents and their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them are PROHIBITED from removing Petitioner to a third country without notice and a meaningful opportunity to be heard.

Petitioner and his counsel must receive written notice of the country of removal at least ten days before Petitioner is removed to a third country.  Petitioner must be given a minimum of ten days before being removed to raise a claim against removal to the third country.  If he succeeds on his claim, Petitioner's immigration proceedings must be reopened.  If he does not succeed on his claim, Petitioner must receive a minimum of fourteen days before removal to seek reopening of his immigration proceedings.

The Court retains jurisdiction to enforce this writ.

**IT IS SO ORDERED.**

Dated:  January 29, 2026

Honorable Barry Ted Moskowitz
United States District Judge

5